any person passing through such depot on account of the negligent maintenance of such structure, and without reference to whether or not the injured person had actual contractual or business relations with such corporation, if such injured person is himself free from contributory negligence. It follows that the judgment of nonsuit should be reversed, with costs, and that judgment should be directed for the plaintiff upon the verdict of the jury, with costs.

Judgment of nonsuit reversed, with costs, and judgment directed for the plaintiff upon the verdict of the jury, with costs.

ADAMS, P. J., and SPRING, J., concur. WILLIAMS, J., dissents.

---

### SWEENEY v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Fourth Department. May 5, 1903.)

**1. PERSONAL INJURIES—VERDICT—EXCESSIVENESS.**

Where, in an action by a young woman, 22 years old, for injuries to her spine, the evidence was conflicting as to the extent of such injuries, several witnesses beside herself, including two doctors, sustaining her contention that they were permanent and very severe, a verdict of $5,000 will not be disturbed as excessive.

**2. IMPROPER STATEMENTS OF COUNSEL—PRESUMPTION AS TO EFFECT ON VERDICT.**

In an action against a railroad for personal injuries, plaintiff's counsel, in his summing up, made a statement in regard to the value of plaintiff's services, of which there was no evidence, and also about what he had done in another suit. After the court had corrected counsel for making these statements, he stated to the jury that "these companies expect these accidents, and make provision for them in their estimates." The court again admonished counsel that his statements were improper, and fully and emphatically instructed the jury to disregard the same. *Held* that, though counsel designedly made such statements for the purpose of improperly influencing the jury to give a larger verdict, it would be presumed that he did not accomplish his purpose, and that the jury obeyed the injunctions of court, and rendered its verdict according to the competent evidence.

Appeal from Trial Term, Orleans County.

Action by Nellie A. Sweeney against the New York Central & Hudson River Railroad Company. From a judgment for plaintiff and an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

Charles A. Pooley, for appellant.
S. E. Filkins, for respondent.

HISCOCK, J. Plaintiff, a young woman, at the time of the trial of this action in 1902 of the age of 22 years, while a passenger upon one of defendant's trains August 3, 1901, was injured in an accident caused by a collision, and this action was brought to recover for her damages alleged to have been sustained therefrom. It was claimed in her complaint and upon the trial that she was severely

hurt, having received permanent injuries to her spine. No contention is made upon this appeal that the evidence did not warrant the jury in finding defendant guilty of negligence and plaintiff free therefrom. The only questions addressed to our consideration by the learned counsel for the appellant are those relating to the size of the verdict, which was for the sum of $5,000, to certain exceptions taken to the reception of evidence, and to the conduct of the counsel for the plaintiff while summing up.

While the verdict was for a very substantial sum, we do not feel willing to say that it was excessive. The extent of plaintiff's injuries was a sharply contested issue upon the trial. Several witnesses beside the plaintiff, and including two doctors, were sworn to sustain the contention that such injuries were very severe. Upon the other hand, evidence was given in behalf of the defendant to the effect that her claims in reference thereto were greatly exaggerated. The jury passed upon the issue thus presented, and we do not feel that the evidence warrants us in disturbing its conclusion.

Neither do we feel that the objections and exceptions taken to the reception of evidence present any such error as calls for a reversal of the judgment.

We have with considerable hesitancy reached the conclusion to affirm the judgment over the exceptions taken to statements made by plaintiff's counsel in his summing up. The record sufficiently discloses that such counsel, in the course of his remarks, after having explained that in his complaint he claimed $10,000 damages, proceeded to state, in substance, that plaintiff's services were reasonably worth $3.50 a week; also something, it not appearing exactly what, about what he had done in another lawsuit in Buffalo. Upon the objection of counsel for the defendant, the court corrected defendant's counsel for making each of these statements. It ruled that there was no evidence before the jury in regard to the value of plaintiff's services. It might also have been properly stated that there was no claim in the complaint for any such item of damages. After these two statements had been made and objected to and passed upon by the court, the plaintiff's counsel resumed his summing up, and in the course of it, again transgressing the record, stated to the jury, "These companies expect these accidents, and make provision for them in their estimates." There was, of course, no evidence of any such thing, and the statement was absolutely unsupported and improper. The counsel, upon the argument of this appeal, attempts to extenuate his conduct upon the plea that in the excitement and interest of summing up a case an attorney is liable occasionally and inadvertently to step outside of the evidence, and make some statement which is not strictly warranted thereby. The record in this case, however, fails to convince us that there was any such excuse for what was done upon the occasion in question. Upon the contrary, such record of all that took place, including the statements of counsel and the controversy between him and the court, fairly and plainly indicates that he purposely and designedly resorted to unjustifiable and improper statements for the purpose of influencing the jury to give a larger verdict in behalf of his client. His

conduct in this respect was subject to criticism and objection. The learned trial justice, however, promptly and fully admonished him that his statements were improper, and fully and emphatically instructed the jury, in effect, to disregard the same. We think that under such circumstances it may be fairly assumed that the counsel did not accomplish his purpose of improperly influencing the jury, but that the latter obeyed the injunctions of the court, and rendered its verdict.in accordance with the views which it took of the competent testimony in the case. We feel quite uncertain that another trial, from which extraneous statements of counsel were eliminated, would result in a verdict smaller, or more favorable to the defendant, than the one in question. For these reasons we have concluded to affirm the judgment.

Judgment and order affirmed, with costs. All concur.

